UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald Lee Scott, *aka Gerald L Scott*, Timothy P. McCarty, ) ) ) Plaintiff, ) ) vs. ) ) Mark Sanford, Governor; ) Thomas Edwards, County Administrator; ) Lane Cribb, Sheriff of Georgetown, ) ) Defendant(s). ) | C/A No. 8:06-3484-MBS-BHH Report and Recommendation |

This matter has been filed pursuant to 42 U.S.C. § 1983. Plaintiff is a pre-trial detainee at the Georgetown County Detention Center (GCDC). His complaint raises both habeas and civil rights issues. Plaintiff alleges he filed a grievance about the matters raised in his complaint in January of 2006. According to the plaintiff, he received an unfavorable response to his grievance this past October.

The specific issues he raises are ineffective assistance of counsel and "lack of bail bond" for the men and women at GCDC, overcrowding, no access to legal materials, "lack of court sessions" which plaintiff alleges is a denial of due process, "dietary problems", failure to permit recreation and inadequate recreation equipment, mold and mildew on the walls, "sweating" floors, refusal of jail personnel to answer

1

the buzzer at night, failure to deliver mail in a timely manner, and no ink pens for writing. He seeks injunctive relief and damages.

Plaintiff has placed the name of another plaintiff in the caption of his complaint but that individual has not signed the complaint, and has not submitted a statement of assets to this Court.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz

v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

Insofar as the plaintiff's pre-trial detention and pre-trial proceedings are concerned, the § 1983 complaint is subject to summary dismissal because a right of action with respect to the plaintiff's detention and pending criminal proceedings has not yet accrued. *See* Heck v. Humphrey, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can

demonstrate that the conviction or sentence has already been invalidated.

*See also* Schafer v. Moore, 46 F.3d 43 (8th Cir., January 27, 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and Woods v. Candela, 47 F.3d 545, (2nd Cir. 1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808 (1995). *See also* Brooks v. City of Winston-Salem, N.C., 85 F.3d 178 (4th Cir. 1996). *Accord* Smith v. Holtz, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); Burnside v. Mathis, 2004 WL 2944092 (D.S.C. 2004).

Although the decision in Heck v. Humphrey concerned a conviction, its rationale is also applicable to pre-trial detainees. *See* Nelson v. Murphy, 44 F.3d 497 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); Norris v. Super Cab Co., 1994 WESTLAW® 665193 (N.D.Cal., November 15, 1994); and Daniel v. Ruph, 1994 WESTLAW® 589352 (N.D.Cal., October 12, 1994).

In Daniel v. Ruph, supra, a district court applied the holding in Heck v. Humphrey to a pre-trial detainee:

> In this case, plaintiff seeks damages under § 1983 based on a violation of his Sixth Amendment right to put on a meaningful defense. A

4

> judgment in favor of the plaintiff on that claim would imply the invalidity of his ongoing criminal proceedings. If plaintiff were successful in showing that he had been denied his constitutional right to prepare his defense, any conviction which flowed from that denial would be invalidated. Therefore, the instant allegations fail to state a cognizable claim under § 1983 and are DISMISSED without prejudice.
> * * *

Daniel v. Ruph, supra, 1994 WESTLAW® 589352 (footnote following quotation omitted). In an earlier case, Norris v. Patsy, 1994 WESTLAW® 443456 (N.D.Cal., July 29, 1994), the court noted that, under Heck v. Humphrey, supra, "[a] judgment in favor of the plaintiff here would imply the invalidity of pending state criminal proceedings which have not already been invalidated; . . . therefore, any request for damages pertinent to said proceedings is premature and must be DISMISSED."

Also on point is Hudson v. Chicago Police Department, 860 F. Supp. 521 (N.D.Ill. 1994), where the Honorable Marvin E. Aspen, United States District Judge, ruled that the complaint was subject to dismissal under Heck v. Humphrey. Judge Aspen, however, noted that the plaintiff could bring § 1983 action at a later date if a cause of action had accrued. Judge Aspen also held that "federal courts will not entertain a claim for damages under § 1983 if disposition of the claim would entail ruling on issues in dispute in pending state proceedings." *Accord* Babcock v. Collord, supra, 1994 WESTLAW® 374528 (complaints subject to dismissal under Heck v. Humphrey can be dismissed under 28 U.S.C. § 1915(d)).

5

Heck v. Humphrey is controlling in the above-captioned case because the events at issue in this case took place after Heck v. Humphrey was decided. In any event, Heck v. Humphrey would apply retroactively. *See* Hooper v. Anderson, 50 F.3d 14 (9th Cir., January 10, 1995)(opinion on rehearing by panel; Heck v. Humphrey applies retroactively), *replacing* unpublished opinion reported in Hooper v. Anderson, 37 F.3d 1505 (9th Cir., October 6, 1994); and Smith v. Holtz, supra (plaintiff's Rule 60(b) motion granted because of decision in Heck v. Humphrey).

Absent extraordinary circumstances, federal district courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, Younger v. Harris, 401 U.S. 37, 44 (1971); Taylor v. Taintor, 83 U.S. 366, 370 & n. 8 (1873);[*] Harkrader v. Wadley, 172 U.S. 148, 169-170 (1898); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030 (1990). In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding.

---

[*]Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See* Green v. State, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming* Green v. State, 785 S.W.2d 955 (Tex. App. Fort Worth 1990).

Cinema Blue of Charlotte, Inc. v. Gilchrist, supra, 887 F.2d at 52. *See also* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976). In Bonner v. Circuit Court of St. Louis, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." Consequently, plaintiff's claims regarding ineffective assistance of counsel and "lack of bail bond" must be dismissed.

  Plaintiff has placed the name of another inmate in the caption of his complaint, as a plaintiff to this action. The additional inmate has not signed the complaint, or submitted a statement of assets to this court. Plaintiff cannot add an additional inmate as a plaintiff to his case. A prisoner cannot act as a "knight-errant" for other prisoners. Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981). Furthermore, in the body of his complaint, plaintiff raises allegations that he claims pertain to all GCDC inmates. Prisoners are prohibited from bringing a class action on behalf of other prisoners. *See* Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a *pro se* prisoner cannot be an advocate for others in a class action). As such,

all claims raised on behalf of GCDC inmates should be summarily dismissed, and Timothy P. McCarty, the "additional" plaintiff should be summarily dismissed from this suit.

In addition, the plaintiff's contention that Mark Sanford, the Governor of the State of South Carolina, is responsible for his situation is based on an invalid deduction of fact, which is best articulated in the maxim "*Post hoc, ergo propter hoc.*" This maxim is usually translated as "After this, therefore, on account of this." Most federal courts have rejected the validity of that maxim in determining whether a causal connection exists. *See*, *e.g.*, the order of the Honorable Charles E. Simons, Jr., United States District Judge, in <u>Orr v. Gardner</u>, 261 F. Supp. 39, 41 n. 1 (D.S.C. 1966)("*Post hoc, ergo propter hoc* in logic is usually intended as 'the fallacy of arguing from mere temporal sequence to cause and effect relationship.'"). Although a district court, when evaluating a pleading under 28 U.S.C. § 1915, must assume that the allegations in the pleading are true, a district court is not required to accept unwarranted deductions of fact. *See* <u>Gersten v. Rundle</u>, 833 F. Supp. 906, 910 (S.D.Fla. 1993); and <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754-755(9th Cir. 1994)(district court not required to accept conclusions that cannot be reasonably drawn from facts alleged). *See also* <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir. 1987)(district court "not required to 'accept as true legal conclusions or

unwarranted factual inferences'"); Bender v. Suburban Hospital, Inc., 159 F.3d 186, 192 (4th Cir. 1998).

Furthermore, since Mark Sanford was not personally involved in the events that gave rise to this case, liability under § 1983 may not be imposed upon him. *See* Wilson v. Cooper, 922 F. Supp. 1286, 1293 (N.D.Ill. 1996); and Campo v. Keane, 913 F. Supp. 814, 825 & n. 11 (S.D.N.Y. 1996). *See also* Horton v. Marovich, 925 F. Supp. 540 (N.D.Ill. 1996)("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."). Therefore, Mark Sanford should be summarily dismissed as a party to this suit.

## **RECOMMENDATION**

Accordingly, for the foregoing reasons it is recommended that the District Court dismiss Mark Sanford as a defendant, and direct the Clerk of Court to terminate Timothy P. McCarty as a plaintiff in this case, *without prejudice* and without issuance and service of process. It is further recommended that all habeas claims raised in this action be dismissed without prejudice, that all claims which are raised on behalf of other inmates be dismissed without prejudice, and that all claims pertaining to *the plaintiff's* conditions of confinement proceed. *See* Denton v. Hernandez, supra;

Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

                                                    s/Bruce Howe Hendricks
                                                    United States Magistrate Judge

Greenville, South Carolina
January 4, 2007

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).