IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Gerald Lee Scott, ) | |
| ) | Civil Action No. 8:06-3484-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Thomas Edwards, Georgetown ) | |
| County Administrator and Lane ) | |
| Cribb, Sheriff of Georgetown ) | |
| County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion to dismiss or, alternatively, for summary judgment. (Docket Entry # 18).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on December 12, 2006, seeking damages for alleged civil rights violations. On May 14, 2007, the defendants filed a motion to dismiss, or, alternatively, for summary judgment. On May 14, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On October 1, 2007, the plaintiff filed a response opposing the defendants' motion.

## FACTS PRESENTED

When the plaintiff filed this action he was a pre-trial detainee at the Georgetown County Detention Center ("GCDC"). The plaintiff alleges several claims regarding prison conditions: overcrowding, insufficient diet without "red meat or whole scaled fish," inadequate outside recreation time, mold and mildew on the walls, and guards failing to respond to the buzzers at night. (See Compl. 3-4.) He also alleges that inmates' mail is withheld and he is not allowed to possess an ink pen. (*Id.*) Further, he alleges a denial of access to law books. (*Id.*) He is seeking injunctive relief and damages.

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been

raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

### *Mootness*

Initially, the court notes that the plaintiff's claims for injunctive relief are now moot. On October 26, 2007, the plaintiff filed a notice of change of address with the court, indicating that he had been released from GCDC. (Docket Entry # 35.) Because the plaintiff has been released from GCDC, the plaintiff's claims for injunctive are now moot. *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 249 (4th Cir. 2005)(holding portion of civil rights complaint seeking injunctive relief for jail's practice of charging housing fee rendered moot by detainee's release. *See also Scurry v. Middleton*, 2007 WL 1068248 at *3 (D.S.C. April 2, 2007)

(MBS-BM) (holding upon the plaintiff's release from the detention center, the plaintiff's request for injunctive and/or declaratory relief was moot).

*Exhaustion*

Additionally, the defendants contend that the plaintiff has failed to exhaust his administrative remedies. The court agrees. In *Porter v. Nussle*, 534 U.S. 516 (2002), the Supreme Court held that the Prison Litigation Reform Act's ("PLRA's") exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. The PLRA provides in pertinent part that: "No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Porter*, the United States Supreme Court held that "exhaustion in cases covered by 1997e(a) is now mandatory." 534 U.S. at 524. The Court noted that a district court has no discretion, as had existed prior to the PLRA, to determine whether administrative remedies needed to be exhausted in a particular case. *Id.* A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of a § 1983 suit. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). Exhaustion can only be satisfied if the grievance "served its function of alerting the state and inviting corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). Further,

exhaustion must occur prior to the filing of the lawsuit or it must be dismissed. *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir.2005).

There is nothing in the record to show that the plaintiff filed any grievances regarding any of his allegations prior to filing this action. The plaintiff submitted copies of medical requests and grievances as attachments to his response opposing the defendants' summary judgment motion. However, those attachments potentially applicable to the claims raised in this action were dated September 23-24, 2007, or later. (Pl.'s Mem. Opp. Summ. J. Mot. Attach. at 1,3, 5, 6.) These grievances and medical requests were filed at least nine months after this action was filed and at least four months after the defendants filed their summary judgment motion. As noted above, exhaustion must occur prior to the filing of the lawsuit, or it must be dismissed. *Anderson*, 407 F.3d at 683. Accordingly, the plaintiff's claims should be dismissed for failure to exhaust. Alternatively, the plaintiff's claim should also be dismissed on the merits as discussed below.

*Prison Conditions Claims*

Most of the plaintiff's allegations relate to prison conditions: overcrowding, insufficient diet without "red meat or whole scaled fish," inadequate outside recreation time, mold and mildew on the walls, and guards failing to respond to the buzzers at night. (See Compl. 3-4.) In his complaint the plaintiff does not allege any injuries. He merely alleges the overcrowding "bring[s] on health issues." (Compl. at 3.)

The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337 (1981). However, inmates

5

are not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. *Id.* at 347. In order to state a claim of constitutional significance, a prisoner must satisfy both an objective and subjective component. *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). To satisfy the objective component, a prisoner is required to demonstrate an "extreme" deprivation. *Id.* Specifically, "the prisoner 'must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Id.* (*quoting Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993)). Additionally, to satisfy the subjective component, the prisoner must allege facts which show that prison officials acted with "deliberate indifference." *Strickland*, 989 F.2d at 1379.

Furthermore, the PLRA provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering). In his complaint, the plaintiff failed to allege any injury which would support his claims regarding the conditions at GCDC. In his response to the defendants' summary judgment motion, the plaintiff stated in GCDC he was served mostly starchy food

which is bad for him. (Pl.'s Mem. Opp. Summ. J. Mot. at 1.) Further, he stated he has been experiencing headaches, respiratory difficulties, and throat irritation which he believes is due to his exposure to mold and mildew. (*Id.* at 2.) However, other than his own conclusory statements, the plaintiff has not presented any evidence of any injury. Accordingly, the defendants should be granted summary judgment. *White v. Boyle*, 538 F.2d 1077 (4th Cir. 1976)(holding conclusory allegations insufficient to survive summary judgment).

### *Access to Court Claim*

The plaintiff also alleges that he has been denied access to law books and pens and his mail has been withheld which could liberally be construed as claims of denial of his right to access the courts. In *Bounds v. Smith*, 430 U.S. 817 (1977), the United States Supreme Court held prisoners have an absolute right to access to the courts, both to allow them to attack their convictions and to file other lawsuits. *Bounds*, however, merely requires that the right of access to the courts not be impeded. The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343 (1996). In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723-24 (4th Cir. 1989). A plaintiff must demonstrate that the defendants caused actual injury, such as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis*, 518 U.S. at 353-54.

Here, the plaintiff does not indicate an actual injury in regard to his alleged denial of access claim. Absent an actual injury resulting from official conduct, the plaintiff has failed to state such a claim. *Cochran*, 73 F.3d at 1317 (holding dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury). Therefore, the defendants' motion for summary judgment should be granted on this claim.

***Supervisor Liability***

Finally, the court notes that the plaintiff has brought this action against the Georgetown County Sheriff Cribb and County Administrator Edwards. However, the plaintiff has failed to allege that either of these defendants committed any specific act. "It is well-settled that '[i]n order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.' " *Davis v. D.S.S. of Baltimore Cty.*, 941 F.2d 1206 (4th Cir.1991) (unpublished)(*quoting Wright v. Collins*, 766 F.2d 841, 850 (4th Cir.1985). The plaintiff's complaint alleges no personal involvement on the part of the defendants.

Further, the plaintiff has also failed to establish that there was a policy or custom that caused him any injury. *See Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir.1977). Further, the plaintiff has failed to allege facts which would support finding the defendants liable as supervisors. "Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of respondeat superior, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (citation omitted).

The plaintiff must demonstrate that the prisoner faces a pervasive and unreasonable risk of harm from some specified source, and that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices. *Id.  See also  Moore v. Winebrenner,* 927 F.2d 1312 (4th Cir.); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). The plaintiff merely makes conclusory allegations that defendants are responsible for the conditions of his confinement.  Accordingly, the plaintiff's claims against the defendants should be dismissed.

## CONCLUSION

Wherefore, based on the foregoing, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (# 18) be GRANTED and the Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

November 14, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).